**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CATHERINE O.,<br><br>Claimant,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>Respondent. | No. 25 C 6301<br><br>Karyn L. Bass Ehler<br>United States Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

Catherine O.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner"), denying her application for disability insurance benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.[3]

**BACKGROUND**

On June 17, 2021, Claimant filed an application for disability insurance benefits, alleging a disability onset date of May 3, 2021. (R.17). Her application was denied initially and on reconsideration after which Claimant requested a hearing before an administrative law judge ("ALJ"). *Id.* The ALJ held a hearing and then issued a decision on April 16, 2024, denying Claimant's application for disability benefits and concluding she was not disabled under the Social

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), he automatically is substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). *See* Joint Consent [ECF No. 8].

Security Act. (R.17-28). Claimant filed an appeal with the Appeals Council, which declined to review the ALJ's decision. (R.1-6). Therefore, the ALJ's decision is the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The ALJ must determine if: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since her alleged disability onset date of May 3, 2021. (R.19). At step two, the ALJ found that Claimant had the following severe impairments: right wrist fracture, asthma, depression, post-traumatic stress disorder, and bipolar disorder. (R.19). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment. (R.20-22). Before making a determination at step four, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could frequently climb ladders, rope, and scaffolds and ramps and stairs. She can frequently stoop, kneel, crouch, crawl, and balance. She can frequently handle, finger, with the right upper extremity. She should avoid concentrate[d] exposure to extreme cold, extreme heat, humidity, and pulmonary irritants. She can understand, remember, and carry out instructions for simple and detailed tasks with sufficient persistence[,] concentration[,] or pace to timely and appropriately complete such tasks. She can have occasional contact with co-workers' supervisors and general public with no group, tandem or teamwork or problem-solving tasks with the general public in a work environment with routine workplace changes.

(R.22). Based on this RFC, the ALJ found that Claimant was not able to perform her past relevant work. (R.26-27). At step five, the ALJ concluded that based on Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, and therefore, she is not disabled. (R.26-28).

**STANDARD OF REVIEW**

The district court reviews an ALJ's decision deferentially and must affirm the decision if it is supported by "substantial evidence" which is any "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential, a district court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *See Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053.

## ANALYSIS

Claimant argues that she is unable to work a full-time job because of her mental impairments, and she asserts several arguments challenging the ALJ's decision, including that: (1) the ALJ erred in failing to evaluate her mental RFC pursuant to Social Security Regulation 96-8p; (2) the ALJ did not properly evaluate one of the medical opinions; and (3) the ALJ's subjective symptom analysis was legally deficient and not supported by substantial evidence. *See* Claimant's Brief [18], at 2-15. For the reasons discussed below, the Court finds that this case requires remand because the ALJ failed to address Claimant's moderate limitations in concentration, persistence, or maintaining pace in the RFC determination and failed to explain how a limitation "to understand, remember, and carry out instructions for simple and detailed tasks with sufficient persistence[,] concentration[,] or pace to timely and appropriately complete such tasks" adequately accommodated Claimant's moderate limitation in concentration, persistence, or maintaining pace. (R.21).

At the outset of his opinion, the ALJ acknowledged that Claimant "alleged that she was unable to work due to her anxiety, depression, post-traumatic stress disorder, and bipolar disorder" but the ALJ ultimately concluded that "her allegations of functional limitations are not supported by the record." (R.23). A claimant's RFC is the maximum work that she can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); Social Security Regulation ("SSR") 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Anna-Marie L. v. Kijakazi*, 2022 WL 4610120, at *2 (N.D. Ill. Sept. 30, 2022). An ALJ's RFC findings are intended to capture "the most [a claimant] can still do despite

[her] limitations." 20 C.F.R. § 416.945(a)(1); *see also Moon v. Colvin*, 763 F.3d 718, 720 (7th Cir. 2014).

In cases where a claimant alleges a mental impairment, an ALJ must undertake the paragraph B analysis prior to determining the RFC and evaluate four broad areas of functioning that include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself.[4] *See* 20 C.F.R. § 404. 1520a(c)(3). With regard to Claimant's ability to concentrate, persist, or maintain pace, the ALJ specifically concluded:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. The claimant indicated in her Adult Function Report that she has trouble with her memory, completing tasks, concentrating, understanding, getting along with others and following instructions. She also reported that [s]he could only pay attention for about 1 minute. Further, she reported she has trouble finishing what she starts (Ex. 5E, pg. 6). However, there is no evidence of visual hallucinations, delusions, recent suicidal ideation, or panic attacks – factors that affect the claimant's ability to maintain focus and attention to the completion of a given task. Further, she can concentrate sufficiently to offer testimony regarding disabilities, shop, perform personal care activities, carry on a phone conversation, and follow instructions to some degree (Ex. 6E, SSA hearing). The claimant's ability to engage in the above activities contribute to the conclusion she has no more than a moderate limitation in her ability to concentrate or maintain pace.

(R.21). When crafting Claimant's RFC, the ALJ determined:

> [Claimant] can understand, remember, and carry out instructions for simple and detailed tasks with sufficient persistence[,] concentration[,] or pace to timely and appropriately complete such tasks. She can have occasional contact with co-workers' supervisors and general public with no group, tandem or teamwork or

[4] To determine whether a mental impairment meets or equals listing level severity at step three of the sequential analysis, a claimant must prove she meets the severity criteria of either paragraph B or C. *See generally* 20 C.F.R. § 404. 1520a. To satisfy the paragraph B criteria, a claimant must demonstrate an "[e]xtreme limitation of one, or marked limitation of two" of four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing oneself. 20 C.F.R. § 404. 1520a(c)(3). To evaluate these four areas, ALJs will investigate how an impairment interferes with a claimant's ability to function independently, appropriately, effectively, and on a sustained basis, as well as the quality and level of overall functional performance, any episodic limitations, the amount of supervision or assistance required, and the settings in which a claimant is able to function. 20 C.F.R. § 404.1520a(c)(2).

> problem-solving tasks with the general public in a work environment with routine workplace changes.

(R.22). Although the ALJ had found that Claimant had a moderate limitation in concentrating, persisting, or maintaining pace when assessing the paragraph B criteria, the Court finds that the ALJ did not explicitly explain how the RFC addressed and accommodated those limitations. (R.22).

Claimant argues that the RFC must be interpreted to mean that had Claimant had "no limitations in concentration, persistence or pace that would impact her performance of work-related activities." Claimant's Brief [18], at 3. The Court does not fully agree with Claimant's interpretation, but the Court also is not entirely clear what the RFC means and how, or if, it accommodates Claimant's moderate limitation in concentrating, persisting, or maintaining pace and addresses Claimant's ability to maintain concentration for a sustained period. The Court is not persuaded by the Commissioner's argument that the RFC sufficiently addressed Claimant's deficits in maintaining concentration, persistence, or pace because the ALJ relied on a State agency psychological opinion that assessed Claimant's abilities. Commissioner's Brief [19], at 4-5. One fundamental problem with the Commissioner's argument is that the ALJ does not say that.

The Court has two primary concerns with the ALJ's decision. First, the ALJ explicitly stated: "[T]here is no evidence of visual hallucinations, delusions, recent suicidal ideation, or panic attacks – factors that affect the claimant's ability to maintain focus and attention to the completion of a given task." (R.21). Based on a review of the record, that is not a factually accurate statement. Specifically, the ALJ noted later in his decision that Claimant listed symptoms and complaints that included auditory and visual hallucinations and panic attacks (R.23) and that at her February 20, 2023 annual review, Claimant reported that she suffered from frequent panic attacks (R.24). *See also* Claimant's Brief [18], at 4 (citing R.516, 884, 969, 1005, 1014, 1096, 1172, 1199). It may be

that the ALJ did not believe Claimant when she reported that she experienced hallucinations and panic attacks, but the ALJ did not say that, and it is factually incorrect to state that there is "no evidence" of hallucinations or panic attacks in the record. (R.21). Based on this record, the Court cannot conclude that the ALJ's inaccurate statement is harmless.

Second, the ALJ failed to provide any explanation how the RFC accommodated Claimant's moderate limitation in concentration, persistence, or maintaining pace. When considering whether the RFC in this case addressed and/or sufficiently accounted for Claimant's moderate limitation in concentration, persistence, or maintaining pace, the Seventh Circuit decision in *Crump v. Saul*, 932 F.3d 567 (7th Cir. 2019), is instructive. In that case, the State agency psychologists concluded that the claimant was moderately limited in her ability to maintain attention and concentration for extended periods, and the ALJ fashioned an RFC that limited the claimant to "simple, routine, repetitive tasks with few workplace changes." 932 F.3d at 569. The Seventh Circuit, however, reversed and remanded the ALJ's decision because the RFC did not account for the durational aspect of the claimant's moderate concentration, persistence, or maintaining pace limitations. *Id.* The Seventh Circuit concluded that "limiting [the claimant] to simple, routine, and repetitive tasks with few workplace changes was not enough to address her limitations and ensure that she could maintain the concentration and effort necessary to function in a workplace and otherwise sustain employment." *Id.* at 571.

Breaking down the RFC in this case, the ALJ seems to have concluded that Claimant has the ability "to carry out instructions for simple and detailed tasks" and can concentrate sufficiently "to timely and appropriately complete such tasks." (R.22). However, as the Seventh Circuit repeatedly has stated, an ALJ's RFC determination does not account for limitations in concentration, persistence, or maintaining pace when a claimant is limited to certain kinds of work

without addressing the claimant's ability to sustain that work. *See, e.g., Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *Martin v. Saul*, 950 F.3d 369, 374-75 (7th Cir. 2020); *Decamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019). The Seventh Circuit also has rejected the notion that a hypothetical confining a claimant to "simple, routine tasks" adequately captures a limitation in concentration, persistence, or maintaining pace. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019); *Crump v. Saul*, 932 F.3d 567, 570-71 (7th Cir. 2019) (citing cases); *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014).

For these reasons, the Court concludes that the ALJ failed to build a logical bridge between his paragraph B finding that Claimant had a moderate limitation in concentration, persistence, or maintaining pace and his RFC determination that Claimant "can understand, remember, and carry out instructions for simple and detailed tasks with sufficient persistence[,] concentration[,] or pace to timely and appropriately complete such tasks." (R.22). It is not clear to this Court what the ALJ means, and the RFC says nothing about Claimant's ability to maintain sufficient concentration to engage in full-time work in a standard eight-hour work shift for a sustained period of time. The Court, therefore, finds that remand is required.

Because remand is required for the reasons discussed above, the Court will not address Claimant's remaining arguments. *See DeCamp*, 916 F.3d at 676 ("Because we determine that the ALJ did not properly evaluate [the claimant's] limitations . . . we do not address [the claimant's] other arguments."). The Court is not expressing any opinion about the decision to be made on remand but encourages the Commissioner to do what is necessary to build a sufficient logical bridge between the evidence in the record and his ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the

opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions."); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).

**CONCLUSION**

For the reasons set forth in the Court's Memorandum Opinion and Order, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 18] is granted, and the Commissioner's Memorandum in Support of Motion for Summary Judgment [ECF No. 19] is denied. In accordance with the fourth sentence of 42 U.S.C. § 405(g), the case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

Karyn L. Bass Ehler
United States Magistrate Judge

Dated: September 29, 2026